UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| | ) | No. 6:25-CR-70-REW-HAI |
| v. | ) ) | |
| VICKIE MARIE ROSE, | ) | RECOMMENDED DISPOSITION[1] |
| | ) | |
| Defendant. | ) ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On October 20, 2025, counsel for Defendant Vickie Marie Rose filed a notice of intent to assert an insanity defense and a motion for a pretrial competency evaluation.  D.E. 15; D.E. 16. According to the competency evaluation motion, during her bond interview, Defendant "self-reported panic attacks, as well as visual and auditory hallucinations" including "difficulty with in-person communication and severe difficulties with audio from televisions."  D.E. 16 at 1-2. Referring to the bond report, the motion cites Defendant's history of mental illness and prior hospitalizations. *Id.* at 2.  Defense counsel also raised concerns that Defendant's visual and auditory hallucinations could impact her review of the "multiple hours worth of video evidence" contained in discovery and otherwise hamper her ability to consult with counsel regarding her defense. *Id.*

On October 21, 2025, Magistrate Judge Atkins granted the motion for a competency evaluation and ordered the evaluation to occur in a custodial setting.  D.E. 19.  Subsequently, the United States moved for an evaluation pursuant to 18 U.S.C. § 4242 in response to Defendant's notice of intent to assert an insanity defense.  D.E. 22.  Judge Atkins granted the motion and

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of her case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

ordered Defendant to undergo a competency and sanity evaluation at the Metropolitan Detention Center in Los Angeles, California.  D.E. 23.  On February 4, 2026, this case was transferred to the undersigned.  D.E. 36.

On March 4, 2026, the Court and parties received the resulting "Forensic Evaluation Report" (the "Report") from clinical forensic psychologist Tiffany Smith.  D.E. 39.  In the Report, Dr. Smith opined that Defendant is competent for trial purposes.  *Id.* at 15.  After receipt of the Report and Defendant's return to the District, the Court conducted a final hearing on competency on March 11, 2026.  D.E. 40.  During the final competency hearing, the parties stipulated to the admissibility of the Report, as well as to the Report's findings.  The parties also waived introduction of other proof or argument and waived the right to examine or cross-examine the evaluator.  They stipulated to Dr. Smith's qualifications as an expert forensic psychologist.

Section 4241 codifies the competency principles of *Dusky v. United States*, 361 U.S. 402 (1960).  To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him."  *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense").  Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights.  These include the right to confront and cross-examine witnesses, and the right to participate in the hearing.  *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

2

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreement among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at \*11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

The defense stipulated as to both the admissibility and substance of the Report. D.E. 40. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Smith. The Report reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. D.E. 39. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Smith directly observed Defendant via interviews and subjected her to the Multiphasic Personality Inventory, Third Edition (MMPI-3) and the Revised Competency Assessment Instrument (RCAI). *Id.* at 2. She considered the comments and observations of other MDC-LA staff members who interacted with Defendant during the evaluation period, and spoke with defense counsel and United States Probation Officer Crisp. *Id.* at 2-3.

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition. According to the Report, Defendant described a history of frequent methamphetamine use beginning in 2015. D.E. 39 at 6. Defendant explained that, immediately preceding her arrest, she would use methamphetamine approximately every other day. Defendant denied any previous mental health disorder diagnosis, but stated she experienced "depression and sadness" following the death of her son in 2016. *Id.* In connection with these symptoms, Defendant reported two instances of inpatient psychiatric hospitalization. *Id.*

The Report diagnoses Defendant under the DSM-5 with prolonged grief disorder, characterized as a mental disease, and methamphetamine use disorder. *Id.* at 14. The Report concluded that these diagnoses did not interfere with Defendant's ability to adequately participate in and assist with her defense. *Id.* at 15.

The evaluator found that Defendant had an adequate understanding of the court proceedings. The Report reflects that Defendant "demonstrated a factual and rational understanding of the nature and consequences of the pending charges and court proceedings." *Id.* at 14. Defendant was able to discuss the strengths and weaknesses of various legal strategies, understood her current charges and her potential consequences, and comprehended courtroom proceedings. *Id.* at 14-15. The Report explains that Defendant was capable of understanding and retaining new information related to her case and legal proceedings. *Id.*

The evaluator also found that Defendant had an adequate ability to assist defense counsel. The Report explains that Defendant spoke positively of her attorney. Defendant's diagnosed mental health disorders did not cause any "interference in her ability to participate in the evaluation process." *Id.* at 15. During her time at the evaluation facility, Defendant did not show any signs of impairment in her daily functioning and "demonstrated the capacity to

logically and coherently converse[.]" *Id.* at 14-15. The Report hypothesizes that the hallucinations and intrapersonal communications described in the motion for a competency evaluation were the result of illicit substance use and withdrawal, rather than "a manifestation of organic mental illness." *Id.* at 15. As long as Defendant continues to abstain from using illicit substances, the Report asserts that "she is not likely to experience any significant impairment in her mental status and/or daily functioning." *Id.*

In conclusion, the evaluator found that, "although Ms. Rose met diagnostic criteria for prolonged grief disorder, the signs or symptoms do not significantly impair her present ability to understand the nature and consequences of the court proceedings against her or to assist in her defense." D.E. 39 at 15. Accordingly, the Report indicates that Defendant is competent to proceed.

At the final hearing, defense counsel said that the Report was consistent with his interactions with Defendant since her return to this District, and that Defendant has been taking prescription medications that ameliorate her mental health symptoms. D.E. 40. Defense counsel explained that Defendant understands the Report and the proceedings as a whole. Defendant agreed, stating that, aside from some of the technical medical jargon, she understands the Report and its findings.

In the Report, Dr. Smith accurately applied the *Dusky* standard as codified in 18 U.S.C. § 4241(a) to determine that Defendant is competent. The Report unambiguously supports a finding that both prongs of the *Dusky* competency test are met in this case, and its conclusions are unrebutted. The Court also observed and interacted with Defendant at her competency hearing. D.E. 40. Defendant was composed and respectful to the Court throughout the proceedings and understood their nature.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent.  That finding, of course, precludes any finding of incompetency by a preponderance of the evidence.  Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against her and to assist properly in her own defense.  Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge.  Any objection must be filed within **FIVE (5) DAYS** of the entry of this recommendation.  Failure to object per Rule 59(b) waives a party's right to review.  Upon expiration of that five-day period, this matter will be submitted to Judge Wier for his consideration and to address the procedural posture.

This the 13th day of March, 2026.

Signed By:
Hanly A. Ingram
United States Magistrate Judge