UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,              )
                                       )
    Plaintiff,                         )
                                       )              No. 6:25-CR-70-REW
v.                                     )
                                       )              ORDER
VICKIE MARIE ROSE,                     )
                                       )
    Defendant.

*** *** *** ***

The Court considers the Recommended Disposition (DE 41) of United States Magistrate Judge Hanly A. Ingram, addressing whether Defendant Vickie Marie Rose is competent to stand trial under 18 U.S.C. § 4241. *See* DE 16 (Motion); DE 40 (Minute Entry). Rose stands indicted for possession of a firearm by a felon, under § 922(g)(1). *See* DE 1. On October 20, 2025, Rose provided notice of her intent to assert an insanity defense, *see* DE 15, and moved for an examination of her trial competency, *see* DE 16. *See also* FED. R. CRIM. P. 12.2(c). The United States then moved for Rose to undergo a psychiatric and/or psychological examination to determine whether she was mentally competent and/or insane at the time of the commission of the underlying offense. *See* DE 22. United States Magistrate Judge Atkins granted those motions (DE 19; 23) and Dr. Tiffany K. Smith, Psy.D., a Forensic Psychologist, conducted a custodial evaluation, DE 39 (Sealed Psychiatric Report). Dr. Smith concluded that Rose is competent to stand trial. *See* DE 39 at 15. Competency to stand trial is the only subject matter at issue in this Order.

On February 4, 2026, this matter was reassigned from Judge Atkins to Judge Ingram. *See* DE 36. With Dr. Smith's report available to the parties, Judge Ingram conducted a competency hearing. *See* DE 40. The parties stipulated to the admissibility of Dr. Smith's report, her

qualifications, and her findings. *See* DE 41 at 2. Upon completing that hearing, Judge Ingram recommended that the Court find Smith competent to proceed, based on Dr. Smith's psychiatric evaluation. *See* DE 41 at 6; *see also* DE 40. The recommendation, filed on March 13, 2026, advised the parties that any objections must be filed within five (5) business days of its entry, as discussed at the competency hearing. *See* DE 41 at 6; *see also* DE 40. The objection period has lapsed, and neither party has objected. Judge Ingram, with typical rigor, correctly stated the standard and questions presented, and he followed the proper procedures under § 4241(a).

This Court reviews *de novo* those portions of the Recommended Disposition to which a party objects. *See* 28 U.S.C. § 636(b)(1). But the Court is not required to "review . . . a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the parties do not object to the magistrate judge's recommendation, they waive any right to review. *See* FED. R. CRIM. P. 59(b)(2); *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party that fails to object to a magistrate judge's recommendation forfeits her right to appeal its adoption).

The Court has assessed the full record and Judge Ingram's thorough recommendation. His recommendation relies significantly on Dr. Smith's unopposed report. *See* DE 41 at 4-5. That detailed report applied the *Dusky* and statutory standards faithfully, finding that "although Ms. Rose met diagnostic criteria for prolonged grief disorder, the signs or symptoms do not significantly impair her present ability to understand the nature and consequences of the court

2

proceedings against her or to assist in her defense." *See* DE 39 at 15. To reach her conclusion, Dr. Smith reviewed all available documentation in this case, conducted clinical interviews and mental status examinations, observed Rose's behavior at MDC-LA, and used the Minnesota Multiphasic Personality Inventory-3 (MMPI-3) and the Revised Competency Assessment Instrument (RCAI). *See id.* at 2-3, 7-11. Dr. Smith also reviewed portions of the 44 telephone calls Rose made during her examination period. *See id.* at 7. Dr. Smith thoroughly assessed Rose's abilities in light of the applicable competency standards. Her expert analysis stands alone in the record.

Ultimately, Dr. Smith determined that Rose suffers from prolonged grief disorder and moderate methamphetamine use disorder, in early remission, in a controlled environment. *See* DE 39 at 10. Prolonged grief disorder "involves the development of a persistent grief response characterized by intense yearning or longing for the deceased person (often with intense sorrow and frequent crying) or preoccupation with thoughts or memories of the deceased." *See id.* Dr. Smith noted that the symptoms of this disorder "must result in clinically significant distress or impairment in social, occupational, or other important areas of functioning in the bereaved individual," which is "consistent with Ms. Rose's "description of her mental health symptoms and level of day-to-day functioning following the death of her son." *See id.* As to Rose's moderate methamphetamine use disorder, Dr. Smith stated that Rose's reported pattern of methamphetamine use is consistent with the DSM-5-TR's reported symptomatology. *See id.* Ultimately, Dr. Smith concluded that "[a]ny genuine mental health symptoms Ms. Rose may have experienced during the evaluation period do not impair her present ability assist in her defense." *See id.* at 15.

In sum, to quote Judge Ingram, "Defendant is able to understand the nature and consequences of the proceedings against her and to assist properly in her own defense." *See* DE

41 at 6.  The defense stipulated to the report and its findings, as well as the author's qualifications.  *See id.* at 2.  The parties waived introduction of other proof and argument, and waived the right to examine or cross-examine the evaluator.  *See id.*  The lone supported conclusion under the statute is competency.   Rose's post-evaluation course also tends to fortify the report's conclusions.

Accordingly, the Court **ADOPTS** the Recommended Disposition (DE 41) and **FINDS** Rose competent to face further proceedings in this matter, including trial.  The case shall proceed in the usual process and course, with trial set for April 21, 2026.

This 20th day of March, 2026.

Signed By:

*Robert E. Wier*

**United States District Judge**

4